In the Matter of the Claim of HAZEL SCHINE, as Executrix of EDITH GOODMAN, Deceased, Respondent, against TOWN OF GREAT VALLEY et al., Appellants, and KILLBUCK FIRE DISTRICT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 13, 1959.

*Morris N. Lissauer, Charles G. Tierney* and *George J. Hayes* for appellants.

*John M. Cullen* for Special Funds Conservation Committee, respondent.

*Vaughan, Brown, Kelly, Turner & Symons* (*Noel S. Symons* and *Thomas J. Kelly* of counsel), for Hartford Accident and Indemnity Company, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

*Thomas Kelly* for claimant-respondent.

BERGAN, J. Decedent was a Fire Commissioner, an elective office, in the Killbuck Fire District and was fatally injured by an automobile while crossing a road in the course of his duties as Commissioner.

The first district is a subdivision of the Town of Great Valley in Cattaraugus County, which had in force with the State Insurance Fund a general policy of workmen's compensation coverage for the county and its political subdivisions, including the Town of Great Valley. The Hartford Accident and Indemnity Company covered the fire district on compensation of volunteer firemen; but although decedent was also a volunteer fireman, it is conceded he was acting as a Commissioner and not a fireman when injured.

The question left in the case is whether, in view of the fact the decedent was an officer of a municipal corporation, he was covered by the compensation policy in the absence of an election by the County of Cattaraugus in pursuance of the Workmen's Compensation Law (§ 54, subd. 6) implemented by due notice of such election to the carrier, to bring that office within the coverage of the Workmen's Compensation Law.

If such an election and notice are made, the officer, within the words of the statute " shall be deemed " within the compensation insurance coverage. No such election or notice was made or given. But the statutory provision contained in subdivision 6 of section 54 relates to a policy which itself does not cover the officer.

The words " shall be deemed " to cover mean that the policy in law shall be regarded as covering, although not providing coverage expressly. If the policy actually covers an executive officer of a political subdivision, the statute does not undo the actual coverage.

Here the board has found on a construction of the appellant carrier's policy that it covered the Fire Commissioner and we regard the finding as supported by an adequate record. Among the positions in local governments within the county covered in the policy are those described as follows: " Executive Supervisors, etc.". The use of " etc." suggests that " executive " and " supervisors " could mean two different kinds of positions and " etc." swept other positions of the same general nature in along with them, including officers of the municipal corporations.

If " executive " were taken alone, it would necessarily include municipal officers and " executive supervisors " as a term by itself seems anomalous. The appellant State Insurance Fund drew up the contract and we see no undue hardship in requiring it to explain clearly what was meant by the classification and

showing its limitation by surrounding circumstances or statements coming to the attention of the insured county. The County Attorney told the board that he assumed on behalf of the county that the policy covered this risk. No adequate showing of a contrary intent was demonstrated in the record made before the board.

A good argument has been made that the construction of the contract should be made the other way, i.e., that "executive supervisors" stated to be covered does not include "officers" of local governments. But as we have seen, the word "executive" alone would usually include officers and the Workmen's Compensation Board had before it an area of policy construction fairly open to different interpretations of words and intent and we regard that area as one of fact. The usual legal rule would be, of course, to construe words of doubtful or uncertain meaning against the insurance company which wrote the contract containing them.

The decision should be affirmed, with costs to respondent Hartford Accident and Indemnity Company against the State Insurance Fund.

FOSTER, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Decision affirmed, with costs to respondent Hartford Accident and Indemnity Company against the State Insurance Fund.